**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELINOR DOREST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-03908 |
| | § | |
| PINEY POINT SURGICAL CENTER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Elinor Dorest sued her former employer, Piney Point Surgical Center, under Title VII, alleging that she had been fired in retaliation for complaining about racial discrimination. (*Id.*). Dorest's complaint alleges that the EEOC issued a right-to-sue letter on July 14, 2010. (*Id.*, § IV, ¶ 1). Dorest sued Piney Point 96 days later, on October 18, 2010. (Docket Entry No. 1). Piney Point moved to dismiss based on limitations. (Docket Entry No. 5). Dorest did not respond.

Based on the motion, the record, and the applicable law, this court grants the defendant's motion to dismiss. The reasons for this ruling are explained below.

**I.      The Legal Standard for a Motion to Dismiss**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense if the defense clearly appears on the face of the complaint. *Washington v. City of Gulfport, Miss.*, 351 F. App'x 916, 918 (5th Cir. 2009) (affirming district court's dismissal of plaintiff's Title VII claims as untimely under Rule 12(b)(6) for failing to file suit within 90 days of receiving right-to-sue letter); *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6

CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## II.   Analysis

A Title VII plaintiff must file suit no later than 90 days after receiving a right-to-sue letter. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *DeJesus-Harris v. Blockbuster Video*, Civ. A. No. SA-04-CA-1099-XR, 2006 WL 2620510, at *4 (W.D. Tex. Sept. 5, 2006) (collecting cases). The requirement is strictly construed. *Taylor*, 296 F.3d at 379; *Crabtree v. Cyberonics, Inc.*, Civ. A. No. H-05-4221, 2006 WL 1581971, at *2 (S.D. Tex. June 7, 2006). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety day limitation period had expired." *Crabtree*, 2006 WL 1581971, at *2 (citations omitted). "When a plaintiff fails to allege the specific date that she received the right-to-sue letter and the date the letter was received is unknown, 'a presumption of receipt is appropriate.'" *Id.* (quoting *Taylor*, 296 F.3d at 379–80). "In the Fifth Circuit, there is a presumption that a party receives the right-to-sue notice three days after it is mailed." *Id.* (quoting *Aportela v. Barnhart*, No. EP-03-CA-0360-DB, 2005 WL 1958963, at *11 (W.D. Tex. Aug. 15, 2005)); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applying presumption that respondent received right-to-sue notice three days after it was issued by the EEOC, based upon FED. R. CIV. P. 6(e)). If a plaintiff alleges a specific date of receipt after the three-day period, the presumption does not provide a basis for dismissal. *See DeJesus-Harris*, 2006 WL 2620510, at *6

(accepting as true an "allegation that she received her Right to Sue Letter on September 2, 2004, especially in light of the fact that this alleged date of actual receipt fell within the *Taylor* three-to-seven day presumptive period of receipt"); *Lee v. Wal-Mart, Inc.*, CIV.A. H-05-3406, 2006 WL 925122, at *3 (S.D. Tex. Apr. 10, 2006) ("For purposes of this Motion to Dismiss, the receipt date is neither disputed nor unknown because the Court is required to accept as true Lee's allegation in his Original Complaint that he received copies of the Notices [within the 90-day period].").

Dorest filed her complaint more than 93 days after the date she alleges her right-to-sue letter was sent. The motion to dismiss states that the letter was mailed on July 14, 2010, and Dorest filed her suit 96 days later, on October 18, 2010. Dorset has not alleged that she received the letter more than three days after it was sent. The motion to dismiss is granted, but without prejudice. Dorest may amend her complaint to allege the date when she received the right-to-sue letter. She must do so no later than July 25, 2011. Failure to do will lead to dismissal with prejudice.

**IV.     Conclusion**

Piney Point's motion to dismiss is granted, with leave to amend. Dorest must file an amended complaint no later than July 25, 2011.

SIGNED on July 5, 2011, at Houston, Texas.

                                                    Lee H. Rosenthal
                                                  United States District Judge